UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              **Hon. Hugh B. Scott**

                                                07CR112A

ANDRE WOOD,                                     **Report**
PATRICK O'REILLY,                               **&**
                                                **Recommendation**
                            Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)

(Docket No. 7).  The instant matters before the Court are (1) defendant Wood's omnibus motion

(Docket No. 11[1]), and (2) defendant O'Reilly's omnibus motion (Docket No. 15[2]).

## BACKGROUND

Defendants were indicted on May 17, 2007, in a three-count Indictment for unlawfully

conspiring to import controlled substances methamphetamine and MDMA into the United States,

in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(H), 963; unlawfully conspiring to

distribute controlled substances within the United States, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), 846; and unlawfully importing those controlled substances, in violation of 21 U.S.C.

---

[1]In support of this motion, defendant Wood filed his attorney's affidavit, Docket No. 11.
In opposition, the Government filed its Response with exhibits, Docket No. 12.

[2]In support of this motion, defendant O'Reilly filed his attorney's affidavit, Docket
No. 15.  In opposition, the Government filed its Response with exhibits, Docket No. 16.

§§ 952(a), 960(a)(1), (b)(2)(H) and 18 U.S.C. § 2 (Docket No. 1, Indict.).  They allegedly

conspired between 2004 and December 31, 2005, and imported the methamphetamine and

MDMA on or about December 31, 2005 (id.).  Defendants have plead not guilty.

Defendants separately moved for discovery (Docket Nos. 11, 15) and defendant Wood

also moved to suppress his statements (Docket No. 11).

*Wood's Motions*

Wood seeks disclosure of <u>Brady</u> materials, <u>Giglio</u> impeachment evidence, revelation of

identity of informants, disclosure of Federal Rule of Evidence 404(b) materials and exclusion of

any inadmissible evidence, Federal Rule of Criminal Procedure 16 discovery, search of

Government agents' personnel files, preservation of evidence, and disclosure of residual

statements pursuant Federal Rule of Evidence 807 (Docket No. 11, Wood Atty. Aff. ¶¶ 8-11, 12-

16, 17-28, 29-31, 32-43, 45-48, 49-52, 53).  He moves for a bill of particulars (<u>id.</u> ¶ 44).  He also

seeks an audibility hearing (<u>id.</u> ¶¶ 57-59).

*Suppress*ion

Wood first requests notice of the evidence the Government intends to use in order to

determine whether to move for its suppression (Docket No. 11, Wood Atty. Aff. ¶¶ 54-56) and

later reserved the right to move to suppress physical evidence (<u>id.</u> ¶¶ 63, 64).  He seeks to

suppress his statements from what he terms was a custodial interrogation, seeking a suppression

hearing (<u>id.</u> ¶¶ 60-61).

*O'Reilly's Motions*

O'Reilly moves for various discovery relief (Docket No. 15).  He also seeks disclosure of

<u>Brady</u> materials, <u>Giglio</u> impeachment evidence, revelation of identity of informants, disclosure of

2

Rule 404(b) materials and exclusion of any inadmissible evidence, Rule 16 discovery, search of

Government agents' personnel files, preservation of evidence, and disclosure of residual

statements pursuant Federal Rule of Evidence 807 (Docket No. 15, O'Reilly Atty. Aff. ¶¶ 8-11,

12-16, 17-28, 29-31, 32-43, 45-48, 49-52, 53).  O'Reilly also moves for a bill of particulars (id.

¶ 44) and requests an audibility hearing (id.. ¶¶ 57-59).

*Suppression*

O'Reilly also moves for Government notice of the evidence it intends to use in order for

defendant to determine whether to move to suppress his statements or physical evidence, but

reserving the right to make those motions (id. ¶¶ 60-63, 64).

*Government's Response*

The Government filed separate (but nearly identical) responses to each defendant's

motion (Docket Nos. 12 (response to Wood), 16 (response to O'Reilly)).

## DISCUSSION

For judicial economy, this Report & Recommendation will dispose of relief that could

have been separately considered in an Order.  Both defendants essentially seek identical relief,

thus they will be considered jointly with reference to one defendant's moving papers as the

example of the request made by both.  The Government's response cited also will be one of the

two as an example of the response to the other defendant, unless the response is distinct as to

each defendant.

I.      Discovery Issues

Defendants each seek various items of pretrial discovery.

3

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters.  For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment.  In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

    A.    <u>Brady</u> Material

Defendants each have requested that the Government disclose all materials potentially favorable to him, including information to be used for the impeachment of the Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny (Docket No. 11, Wood Atty. Aff. ¶¶ 8-16; Docket No. 15, O'Reilly Atty. Aff. ¶¶ 8-16).

<u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

Defendants' motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain.  The Government's written response is that it is unaware of any exculpatory information but the Government acknowledges its obligations under <u>Brady</u> to produce (Docket No. 12, Gov't Response to Wood at 2-3; Docket No. 16, Gov't Response to O'Reilly at 2-3).  The Government

included "impeachment" <u>Brady</u> material as well as exculpatory <u>Brady</u> material in its response

(Docket No. 12, Gov't Response to Wood at 2-3).

This Court believes that fundamental fairness and the constitutional due process

requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to

the timing of the disclosure of such information, even if it may be considered combined

<u>Brady</u>/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second

Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and

the court, . . . sound trial management would seem to dictate that Jencks Act material should be

submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided."  <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974);  <u>United States v.</u>

<u>Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the

Court concludes that disclosure of such impeachment material, if any exists, in accordance with

the common practice in this district (prior to trial so long as it is disclosed in sufficient time for

defendants to have a fair opportunity to utilize the information at trial) is sufficient in this case.

B.     Discovery

Pursuant to Rule 16(a)(1)(A), the defendants seek any written or oral statements made by

the defendants which are within the possession custody or control of the Government, or which

through the exercise of due diligence, may become known to the Government.  Rule 16(a)(1)(A)

provides that, upon request, the Government must disclose any written or recorded statements

made by a defendant, before or after arrest, in response to interrogation by any person known to

the defendant to be a Government agent; and recorded testimony of the defendant before the

grand jury which relates to the offense charged.[3]  Failure of the Government to disclose a

defendant's statements to a Government agent may rise to the level of constitutional due process

violation.  Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that **it** believes that it has already disclosed

all statements made by the defendants and it intends to disclose defendants' written statements

pursuant to the Jencks Act (Docket Nos. 12, 16, Gov't Responses at 4-7).  To the extent that the

Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby

**directed to produce** all such statements made by the defendants.

C.      Federal Rule of Evidence 403, 404, 609 Materials

Defendants each request disclosure of all evidence of prior bad acts that the Government

intends to use in its case-in-chief and that the Government provide notice in advance of trial of

its intentions to introduce such evidence, pursuant to Federal Rule of Evidence 404(b) (e.g.,

Docket No. 11, Wood Atty. Aff. ¶¶ 29-31).  They also request disclosure of all evidence of prior

bad acts that the Government intends to use for impeachment of the defendant should he testify

at trial, pursuant to Rules 608(b) and 609(a) (id. ¶ 35).  The Government responds that it has

disclosed the conviction records of witnesses and defendants' arrest records (e.g., Docket No. 12,

Gov't Response to Wood at 4).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or

during trial if the court excuses pretrial notice on good cause shown, of the general nature of any

---

[3]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

such evidence it intends to use at trial."  The Government has represented that it has provided all

such material to the defendants in discovery.  This is sufficient in this case.

D.      Identity of Informants

Defendants seek the identity of informants in order to attempt to investigate their

allegations (e.g., Docket No. 11, Wood Atty. Aff. ¶¶ 17-28).  The Government declines to

identify its informants, stating that no individuals acting under the Government's direction were

involved prior to Indictment.  Subsequent to the events alleged in the Indictment, an individual

engaged in a recorded conversation with Wood under the Government's direction (Docket No.

12, Gov't Response to Wood at 3).

The Government is not required to furnish the identities of informants unless it is

essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v.

Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988).  Nor does Rule 16 require

the Government to disclose the names of witnesses prior to trial.  United States v. Bejasa,

904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).  The Court may order such

disclosure but should do so only when "a specific showing that disclosure is both material to the

preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa,

supra, 904 F.2d at 140.

In Bejasa, the court distinguished the situation where the undisclosed Government

informant would be a surprise witness to the defense, that the defendant in that case knew of the

Government witnesses and their addresses from previous encounters with them (but the

Government refused to furnish their addresses and telephone numbers upon defense request), id.

at 139-40.  The defendant there failed to move to compel that disclosure and did not make a

7

"specific showing," id. at 140 (emphasis in original deleted) that disclosure of more than their identities would be material to his defense, id.  In Roviaro, the Court held that the informant was the sole witness that would amplify or contradict the government's witnesses as to defendant's conduct, 353 U.S. at 64, although Justice Clark in dissent noted that defendant knew the identity of the informant, id. at 66.

Here, the Government denies using an informant prior to indicting defendants or against defendant O'Reilly at all.  Defendants thus have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses.  This request is **denied**.

E.      Early Disclosure of Jencks Act Materials

Defendants each seek early disclosure of Jencks Act materials, 18 U.S.C. § 3500, at least thirty days before trial (e.g., Docket No. 11, Wood Atty. Aff. ¶ 42).  The Government states that it is willing to disclose written statements as normally scheduled by the District Court in a pretrial Order (Docket No. 12, Gov't Response to Wood at 6).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial.  The defendants each have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.  Thus, their respective timing requests are **denied**.

F.      Audibility Hearing

Next, defendants seek (e.g., Docket No. 11, Wood Atty. Aff. ¶¶ 57-59) a hearing on the audibility of any tape recordings the Government intends to use at trial.  The Government furnished recording and transcriptions and proposes that a scheduling Order be entered by the

District Judge with which the parties could file versions of the transcription intended to be used at trial (Docket No. 12, Gov't Response to Wood at 10).  The Government's proposal seems best and its is recommended that the District Judge set forth the schedule for exchanging transcriptions.

G.    Disclosure of Residual Statements

Next, defendants want disclosure of residual statements pursuant to Fed. R. Evid. 807 (e.g., Docket No. 11, Wood Atty. Aff. ¶ 53).  The Government responds that it was not aware of any statements falling under Rule 807 (Docket No. 12, Gov't Response to Wood at 9).  Such notice is sufficient and this defense motion is **denied**.

H.    Personnel Files

Defendants seek to inspect government agents' personnel files (e.g., Docket No. 11, Wood Atty. Aff. ¶¶ 44-47).  The Government will search agents' files for any exculpatory or favorable information (Docket No. 12, Gov't Response to Wood at 8-9).  The Government's review of these files to determine if Brady or Jencks material is present is satisfactory.  Any responsive information found should be treated as Brady or Jencks material (as appropriate) and disclosed accordingly.  As proposed by the Government, any ambiguous items shall be submitted to the undersigned for in camera review.

II.    Bill of Particulars

Both defendants seek particularization of the charges against them (Docket No. 11, Wood Atty. Aff. ¶ 44; Docket No. 15, O'Reilly Atty. Aff. ¶ 44).  In particular, they seek the names of other participants in the conduct, statements of co-conspirators, others who agreed with defendants to commit the acts alleged, other particulars (id.).

In response, the Government addressed the particular issues raised by each defendant (e.g., Docket No. 12, Gov't Response to Wood at 7-8), naming conspirators and other participants with defendants and other details sought by them.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).  The Second Circuit, in Torres, supra, 901 F.2d at 234, affirmed the denial of bill of particulars seeking similar information about the drug conspiracy involving appellant Cruz.  Cruz had sought particularization of the date when he allegedly joined the conspiracy, the names of known and unknown conspirators, the dates and locations when Cruz allegedly transported contraband, and when he arrived at a particular address, id. at 233-34.  Then District Judge John Walker found that Cruz (and the other defendants moving for a bill) seeking a bill of particulars was an ill-disguised attempt at discovery, holding that the Indictment there alleged specific acts and that the Government's extensive discovery did not require issuance of a bill of particulars, id. at 234.  The Second Circuit agreed with Judge Walker's conclusions and held that denial of the bill of particulars there was within his discretion, id.

Upon review of the Indictment and the Government's response to this motion here, the Court finds that **neither defendant is entitled** to a Bill of Particulars inasmuch as they are sufficiently advised of the charges against each of them to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendants from double jeopardy.  Thus, defendants' respective motions for this relief are **denied**.

III.    Suppression of Evidence

A.    Physical Evidence

Defendants each seek to suppress physical evidence (Docket No. 11, Wood. Atty. Aff. ¶ 63; Docket No. 15, O'Reilly Atty. Aff. ¶ 63), but currently cannot effectively do so while discovery is outstanding from the Government (id.).  They sought notice of the seized physical evidence the Government intends to use against them.

The Government argues that there were no search warrants executed against defendants or premises against which they had standing to challenge (Docket Nos. 12, 16, Gov't Responses at 5).

These motions are **denied** without prejudice to be renewed if, upon receipt of further discovery from the Government, the motions become warranted.

B.    Suppression of Statements

Finally, defendants seek suppression of their statements (Docket No. 11, Wood Atty. Aff. ¶¶ 60-62; Docket No. 15, O'Reilly Atty. Aff. ¶¶ 60-62).  The Government responds that Wood's statements were made after an advice of rights (Docket No. 12, Gov't Response to Wood at 10-11, Ex. B).  According to the report of the arresting officers, at his arrest, Wood consented to the search of his residence.  An agent then advised Wood of his <u>Miranda</u> rights, Wood acknowledged

that he understood them, agreed to speak to the agents, and signed a written waiver (as well as a waiver to search).  Wood then stated the source for the MDMA.  (Docket No. 12, Ex. B.)  The Government argues that Wood fails to make a sufficient showing for a suppression hearing (id. at 11).  As for O'Reilly, the Government states that it is not aware of any statements he made (Docket No. 16, Gov't Response to O'Reilly at 10).

These motions also are **denied** without prejudice to be renewed if, upon receipt of further discovery from the Government, these motions (in particular Wood's) become warranted.

**CONCLUSION**

Based upon the above, defendants Wood and O'Reilly's omnibus motions (Docket Nos. 11, 15) for a bill of particulars is **denied**; for discovery is **granted in part, denied in part** as specified above.  It is recommended that defendants' motions for suppression of physical evidence and statements be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 10, 2008